IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY LAUGHLIN,
　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　Case No.:  3:15cv537/RV/EMT

AMBER ROWLAND, et al.,
　　　　Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Santa Rosa County Jail, commenced this action by filing a civil rights complaint pursuant to 28 U.S.C. § 1331 (ECF No. 1).  Leave to proceed in forma pauperis has been granted (ECF No. 4).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this case should be dismissed because Plaintiff has not stated, and cannot state, a plausible claim for relief against any Defendant.

I.　　　BACKGROUND

Plaintiff is a pre-trial detainee of the Santa Rosa County Jail, awaiting disposition of a pending charge of violating his probation ("VOP") in the Circuit

Court in and for Santa Rosa County, Florida, Case No. 2013-CF-001413 (*see* ECF No. 1 at 5–7).  He names as Defendants Amber Rowland, the assistant state attorney ("ASA") prosecuting him in the VOP case; Julie Edwards, an assistant public defender ("APD") who was initially appointed to represent Plaintiff on the VOP; and Richard Currey, a "conflict attorney" who was appointed to represent Plaintiff after the public defender's office withdrew from representation (*id.* at 1–3).

Plaintiff alleges on April 4, 2014, he was convicted of domestic violence and sentenced to three years of probation in Case No. 2013-CF-001413 (ECF No. 1 at 5). He alleges on May 25, 2015, he was arrested for VOP (*id.*).  Plaintiff alleges his probation officer filed a report recommending a prison sentence of 36 months, based upon Plaintiff's prior criminal record, including the offenses listed in the criminal punishment scoresheet, which was filed with the court during the original proceeding and relied upon by the court in imposing Plaintiff's original, probationary sentence (*id.*).  Plaintiff alleges he explained to APD Edwards that the scoresheet was incorrect, but she advised him that he could not challenge the accuracy of the scoresheet or his designation as a violent offender, because he stipulated to the accuracy of the scoresheet when he pleaded no contest to the original charge (*id.*).  Plaintiff alleges APD Edwards withdrew from representation, and Attorney Currey was appointed to represent him (*id.*).  He alleges Attorney Currey also advised him that his original

scoresheet could not be changed; however, one month later, Plaintiff was provided another scoresheet, which accurately reflected his criminal history (*id.* at 6).  Plaintiff alleges his probation officer has not changed his recommendation, even though a new scoresheet has been prepared (*id.*).  He alleges ASA Rowland is aware that the original scoresheet was incorrect, but she and Attorney Currey are "working together and expect to plea" (*id.*).  Plaintiff alleges he will not plead guilty to the VOP "with my record filled with bogus charges [and] bogus past prior convictions" (*id.*).  He alleges he is not allowed to speak to the presiding judge, and no one will help him (*id.*).  Plaintiff claims that Defendants' conduct violates his due process rights guaranteed by the Fifth Amendment (*id.* at 7).  He seeks the following relief:  "Respectfully reverse remand [sic] original charge Case #1301413.  Set prior record in order.  Remove all bogus untrue past prior convictions that are not legaly [sic] mine from my records" (*id.*).

The court takes judicial notice of information available on the database maintained by the Clerk of Court for Santa Rosa County, Florida, viewed December 14, 2015, www.santarosaclerk.com, which reveals that on April 14, 2014, Plaintiff pleaded nolo contendere, pursuant to a written plea agreement, to a charge of domestic

violence in Case No. 2013-CF-001413.[1]  A sentencing scoresheet was filed with the court the same day.  The court adjudicated Plaintiff guilty and placed him on probation for a period of three (3) years.  A violation of probation report was filed on May 19, 2015.  Plaintiff entered a plea of not guilty.  The next hearing is set for January 14, 2016.

## II.   DISCUSSION

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter,

---

[1] See Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted).  And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted).  Stated succinctly:

Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.  Consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

To the extent Plaintiff seeks reversal of his original conviction and/or sentence in Case No. 2013-CF-1413, his request is not properly before this court.  The Supreme Court has stated that habeas corpus is the appropriate remedy for a prisoner challenging the validity of the fact of his conviction or sentence.  *See* <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

To the extent Plaintiff seeks this court's intervention in the pending VOP proceeding, the <u>Younger</u> abstention doctrine bars this court from considering his claim.  The Supreme Court held in <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of:  (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence

of an adequate alternative state forum where the constitutional issues can be raised.
*See* <u>Samuels v. Mackell</u>, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971); <u>Hughes v. Attorney Gen. of Fla.</u>, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing <u>Younger</u>, 401 U.S. at 45, 53–54).   Plaintiff 's allegations do not support an inference that his prosecution is motivated by bad faith.  *See* <u>Carden v. Montana</u>, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."); *see also* <u>Trainor v. Hernandez</u>, 431 U.S. 434, 446–47, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977) (noting that <u>Younger</u> principles counsel against federal court intervention in pending state criminal and civil enforcement proceedings and finding no extraordinary circumstances to justify such intervention in the absence of any suggestion that the pending state enforcement action was brought in bad faith or for the purpose of harassing appellees).

Plaintiff further fails to show that the "irreparable injury" exception applies. *See* <u>Younger</u>, 401 U.S. at 53–54 (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in

whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief) (citing <u>Watson v. Buck</u>, 313 U.S. 387, 402, 61 S. Ct. 962, 85 L. Ed. 1416 (1941)); <u>Kugler v. Helfant</u>, 421 U.S. 117, 123–25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (citing <u>Younger</u>, 401 U.S. at 46).

Moreover, Plaintiff has an adequate state forum in which to raise his due process challenge to the criminal history presented in his VOP proceeding.  He may present his challenge to the trial court and on direct appeal in the state court system, assuming he does not waive any such challenge by pleading guilty or stipulating to the accuracy of his criminal history.

It is apparent from the face of Plaintiff's complaint that he cannot state a claim to relief that is plausible on its face.  "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005).  However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163

(11th Cir. 2001).  Here, Plaintiff's claims do not—and cannot—state a claim on which relief may be granted, so amendment would clearly be futile.  Therefore, the court should dismiss this case without allowing, or encouraging, amendment.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That this cause be **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.      The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 18<u>th</u> day of December 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**